Curia, per

Frost, J.
This was an action of assumpsit for goods sold and delivered to the defendants, and the general issue pleaded. The judgment and execution against Henry Owens, on the note given to the plaintiffs for the account, with the return of nulla bona, were produced in evidence, which, it is insisted, bar the plaintiffs’s action. In support of this defence Jacobs vs. McBee and Alexander, 2 McMull. 348, is principally relied on. In that case it was decided that the sealed note of one of the partners, taken for a simple contract debt due by the firm, extinguished the debt and discharged the copartners from liability for the original cause of action ; and by analogy it is argued, that the judgment, on the note of Owens, extinguished the plaintiffs’s demand against the defendants. It cannot be contended that the note of Owens extinguished the demand of the plaintiffs’s on the account against the co-partnership ; for it is clear one contract, not under seal, cannot extinguish another contract not under seal, except it was given and accepted in satisfaction. There is no such proof in this case, and all presumption is excluded, since when Owens gave his note, the plaintiffs were ignorant that, the other defendants were partners. If the note did not extinguish the account, it is plain the judgment on the note does not, for the judgment merges only the note. The giving another security, which, in itself, would not operate an extinguishment of the original one, cannot operate as such, by being pursued to judgment, unless it produce the fruit of a judgment. The note, not having been accepted as satisfaction of the debt, could only operate as collateral security. Not being the note of the partnership, it did not express or represent the liability of the partners *113 for the account now prosecuted, but being a different security and not a satisfaction, it fulfils'the description of a collateral security. In 1 Chit. Plead. 105, it is stated that “the taking of a collateral security, though of a higher nature, whether from a principal or surety, does not preclude the creditor -from pursuing the original debtor, in assump-sit, on the first contract, though judgment may have been obtained on such collateral security.” ' In Drake vs. Mitchell and others, 3 East, 251, one of three joint cove-nanters gave a bill of exchange for part of a debt secured by the covenant, on which bill judgment was recovered. To an action on the covenant, the defendants pleaded specially, that such bill had been given in payment and satisfaction of the debt, but the plea did not aver that it had been accepted in satisfaction, nor produced that effect; on demurrer to the plea, judgment was rendered for the plaintiff. In that case, as in this, by analogy to cases of Mergea, it was contended, that the judgment on the bill merged the covenant, on the ground that a judgment recovered-, in whatsoever form of action, is a security of a higher nature than a covenant. But Lord Ellenborough replies, “I have always understood the principle of transit in rem judicatam, to relate only to the particular cause of action on which the judgment is. recovered operating as a change of remedy from its being of a higher nature than before. But a judgment, recovered in any form of action, is still but security for the original cause of action, until it be made productive in satisfaction to the party; and therefore, till then, it cannot operate to change any other collateral concurrent remedy which the party may have. One may agree to accept a different security, in satisfaction of his debt; but here the note and bill are neither averred to have been accepted, as satisfaction, nor to have produced it; and therefore the matter pleaded is no bar.” This authority conclusively shews that the judgment on Owens’s note does not merge the-plaintiffs’s demand against the defendants, and that without proof of payment of that judgment, it is no defence to the action. Sheehy vs. Mandeville and Jamesson, 6 Cra. 254, is yet more directly in point. The plaintiff sold goods to.Jamesson, a mer *114 chant, and took his note for the amount; which he prosecuted to judgment. Afterwards discovering the other defendant, Mandeville, to be a secret partner, he commenced a suit against both. One count of the declaration was for the goods sold and delivered, and another on the note as the joint note of Jamesson and Mandeville. ■ One of the defendants, Mandeville, pleaded the judgment on the note against Jamesson in bar of the count on the note. Judgment was given for the plaintiff on demurrer to this plea.
By Marshall, C. J. “Had the action, in which judgment was obtained against Jamesson, been brought against the firm, the whole note would, most probably, have merged in that judgment, but that action was not brought against the firm. It was brought against Jamesson singly, and it cannot be correctly said that the note is carried into judgment against Mandeville — If it were, the judgment ought, in some manner, to bind him, which most certainly it does not.” The right of the plaintiff to recover on the count for goods sold and delivered, would have been even less questionable, but the defendant, to that count, having pleaded the note, as given and accepted in satisfaction of the account for the goods, and plaintiff having demurred to the plea, was barred of his action by this admission of the facts alleged in the plea. In Collins vs. Lemasters and Lee, 1 Bail. 348, Judge Colcock very fully discusses the effect of a judgment against one joint contractor, where pleaded in bar to an action, on the joint contract, against all the contractors and affirms that, even in an action on a joint bond, a plea by one defendant of a former recovery on the same bond against his co-defendant, without satisfaction , is no bar ; and that the whole bond is not merged in a judgment against one of the obligors, though the bond be joint only. The case, however, was decided by the concurrence of Johnson, Justice, on the insufficiency of the several plea of one of the defendants to bar the recovery.
But independently of these authorities, .this case may be decided on principles peculiarly applicable to the liabilities of dormant or secret partners. Robinson vs. Wilkinson, 1 Excheq. Rep. 417, was an action of assumpsit for goods sold and delivered. The defendant was part owner with *115 another (Cay) of a ship. The plaintiff had furnished supplies, the other partner, Cay, was the ostensible owner; The plaintiff accepted the bills of Cay in payment, which were dishonored. He gave Cay time on the bills, and Cay having become insolvent, accepted a composition of thirteen shillings in the pound, secured by the acceptance of one Wilson, in satisfaction of the first bill, and released Cay. The defendant pleaded these facts in bar of plaintiff’s action. It was ruled that the defendant was liable, on the ground that this case is distinguishable from all those - which go to determine that the acceptance, by a creditor, of one of several partners as his debtor, discharges the rest. That though in general a release of one partner is a release of all, yet a party has, always, a right against a concealed partner, of whom he had previously no knowledge, as soon as he discovers him, unless that ignorance was his own fault. With respect to the bill taken by the plaintiff from Cay, in payment of the account, it was ruled, that had the acceptance of Wilson, for the composition, been paid, the defendant would have been discharged ; but on failure to receive satisfaction of Wilson’s acceptance,. the debt, against Cay, remained undischarged, and plaintiff had a right to resort to his original remedy, which was revived against all the parties primarily liable. Baron Richards affirms, “that whatever might have been the effect of the transactions if the defendant had been known to be co-partner, was entirely put out of the case, because the plaintiff dealt with Cay, and knew nothing of Wilkinson, who was clearly prima, facie liable.” And he further affirms it as clear law “that a dormant partner cannot discharge himself from liability to pay the debts of a creditor, through the medium of his ostensible partner, by any acts of his, during the concealment of the unknown partner.”
The judgment of the court is, that the. plaintiffs’s action against the defendants, is not barred by the judgment on the note of Owens, and the motion is refused.
Richardson, O’Neall, Evans, Butler and Ward-law, JJ. concurred.